09-0836-cr
United States v. Rodriguez

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of March, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
>       *Circuit Judges*,
> EVAN J. WALLACH,
>       *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

>           *Appellee*,

>     v.                                                                    No. 09-0836-cr

ANTONIO RODRIGUEZ, also known as Anthony Rodriguez,

>           *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**                DANIEL MEYERS, New York, New York.

---

[*] The Honorable Evan J. Wallach, of the United States Court of International Trade, sitting by designation.

**FOR APPELLEE:**        Zachary Feingold, Assistant United States Attorney (Preet Bharara, United States Attorney, and Katherine Polk Failla, Assistant United States Attorney, *on the brief*), Office of the Untied States Attorney for the Souther District of New York, New York, New York.

Appeal from a January 16, 2009 judgment of conviction of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Antonio Rodriguez ("defendant") was convicted in the District Court of one count of possessing a firearm subsequent to three previous convictions for serious drug offenses. *See* 18 U.S.C. §§ 922(g)(1), 924(e). He appeals the judgment of conviction arguing that the District Court, following a suppression hearing, erred by declining to suppress evidence—including the firearm that formed the basis of his conviction—seized by police during his arrest. We assume the parties' familiarity with the underlying facts and the procedural history of this action.

In an appeal of a suppression decision, we review a district court's legal determinations *de novo* and its factual determinations for clear error. *See, e.g.*, *United States v. Singh*, 415 F.3d 288, 293 (2d Cir. 2005); *United States v. Lewis*, 386 F.3d 475, 480 (2d Cir. 2004). We have described the "clearly erroneous" standard as follows:

> A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. [W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. When, as here, credibility determinations are at issue, we give particularly strong deference to a district court finding.

*United States v. Iodice*, 525 F.3d 179, 185 (2d Cir. 2008) (quotation marks and citations omitted).

After hearing the testimony and reviewing the exhibits introduced in the suppression hearing, the District Court found that "the arresting officer had probable cause to arrest the defendant when the defendant attempted to leave the lobby of 2181 Barnes Avenue with an opened bottle of liquor in his hand" because, "[a]s such, he was about to violate the New York City Administrative Code." App. 20; *see also* N.Y. City Admin. Code § 10-125(b)-(c) (prohibiting "possess[ion], with intent to drink or consume, an open container containing an alcoholic beverage in any public place" and creating a "rebuttable presumption that [a] person did intend to consume" the beverage when the person was found in "[p]ossession of an open container" in a public place).

2

The District Court concluded that, because the officer had probable cause to arrest defendant, the officer's subsequent search of defendant's possessions was constitutional, and the evidence seized in that search was admissible at trial. App. 20-21.

On appeal, defendant argues (1) that the District Court erred in finding that he was carrying open bottle of liquor at the time of his arrest and (2) that, even if he was carrying an open bottle of liquor, the District Court erred in finding that he was in the process of leaving the lobby and thereby possessing an open bottle of liquor *in a public place*. Neither argument has merit.

First, each of the two officers who was present at defendant's arrest testified that defendant was holding an open bottle of liquor when he was arrested. *See* Supp. App. 20, 24, 123. Although defendant submitted an affidavit that made no mention of a bottle of liquor, it was not clearly erroneous for the District Court to credit the officers' testimony over defendant's affidavit. *See Iodice*, 525 F.3d at 185 ("[W]here [as here] there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. When, as here, credibility determinations are at issue, we give particularly strong deference to a district court finding.").

Second, defendant admitted in his affidavit that he saw the police officers as "[he] was about to exit the lobby of [his] building" and that the officers stopped him "[a]s [he] opened the front door." App. 78. In any event, one of the officers testified that defendant "opened the door and continued to walk [through it] as if [the officers] were invisible." Supplemental App. 22; *see also id.* ("He just continued to walk almost through me."); *id.* at 23 ("He opened the door, walked—tried to walk past us, as I said, through me actually."). It was not clearly erroneous for the District Court to credit that testimony and find that defendant was in the process of leaving the building.

Accordingly, it was not clearly erroneous for the District Court to find that the officers had probable cause to arrest defendant because he "was about to violate the New York City Administrative Code" § 10-125(b)-(c). App. 20. We have considered defendant's remaining arguments on appeal and have concluded that they are meritless.

**CONCLUSION**

For the foregoing reasons, January 16, 2009 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

3